**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KELLY P., O/B/O R.M. | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| FRANK BISIGNANO, | : | |
| Commissioner of the Social | : | |
| Security Administration, | : | |
| Defendant | : | NO. 25-7077 |

**MEMORANDUM**

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                    June 23, 2026

R.M., a minor, ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. §§ 405(g),

1383(c)(3), of the final decision of the Commissioner of the Social Security Administration ("the

Commissioner"), denying her claim for child's supplemental security income ("SSI") benefits

under Title XVI of the Social Security Act.  Plaintiff has filed a brief in support of her request for

review, the Commissioner has responded to it, and Plaintiff has filed a reply.  For the reasons set

forth below, this  court finds that Plaintiff's sole claim for relief lacks merit.

**I.  PROCEDURAL HISTORY**[1]

On October 30, 2023, Plaintiff applied for SSI alleging disability since October 26, 2022.

R. 17.  The claim was denied initially and upon reconsideration; hence, Plaintiff filed a request

for a hearing.  *Id.*  On July 2, 2025, Plaintiff's mother ("Mother"), represented by counsel,

appeared before Raina Goods, Administrative Law Judge ("ALJ"), for an administrative hearing;

Mother was the only witness to testify.  R. 77-89.  On July 11, 2025, the ALJ, using the

---

[1]The court has reviewed and considered the following documents in analyzing this case:  Plaintiff's Brief and Statement of Issues in Support of Request for Review ("Pl. Br."), Defendant's Response to Request for Review of Plaintiff ("Resp."), Plaintiff's Reply to Defendant's Response to Request for Review of Plaintiff ("Reply"), and the administrative record.  ("R.").

sequential evaluation process for childhood disability,[2] issued an unfavorable decision. R. 17-27. On October 21, 2025, the Social Security Administration's Appeals Council denied Plaintiff's request for review, making the ALJ's findings the final determination of the Commissioner. R. 1-3. Plaintiff seeks judicial review; both parties have consented to this court's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1).

## II.   FACTUAL BACKGROUND

A.   <u>Personal History</u>

Plaintiff, born on November 11, 2013, was eleven years old at the time of the administrative hearing. R. 72. As a minor, she has no past relevant work, R. 18, and resides with Mother and her six-year-old brother. R. 82.

B.   <u>Testimony of Plaintiff's Mother</u>

At the July 2, 2025 administrative hearing, Mother testified about her daughter's limitations. R. 77-89. Although Plaintiff had recently completed fifth grade and was promoted to sixth grade, she could not read or write and spoke as if she were a much younger child.[3] R. 77, 82, 84, 86. Plaintiff could not tell time or perform multiplication; however, she could perform simple addition and subtraction. R. 86. In May and June 2025, Plaintiff was tested to determine her eligibility for full-time special education classes; Mother hopes she qualifies upon completion. R. 86-87.

---

[2] The Social Security Regulations provide the following three-step sequential evaluation for determining whether a child claimant is disabled:

> 1. If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed. Otherwise proceed to Step 2. *See* 20 C.F.R. § 416.924(b).
> 2. If the claimant is found not to have a severe impairment, a finding of not disabled is directed. Otherwise proceed to Step 3. *See* 20 C.F.R. § 416.924(c).
> 3. If the claimant's impairment meets, medically equals or functionally equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed. Otherwise, the claimant is not disabled. *See* 20 C.F.R. § 416.924(d).

[3] Since second grade, Plaintiff has attended an online charter school. R. 77.

Mother explained that Plaintiff is easily distracted, despite taking medication for her attention deficit hyperactivity disorder ("ADHD").  R. 87.  Plaintiff is unable to dress, bathe, brush her teeth or log in to online classes, without Mother's assistance.  R. 79, 83.  Plaintiff relies upon her younger brother to read and respond to text messages from her father.  R. 82.

### III.  THE ALJ'S FINDINGS

In her decision, the ALJ issued the following findings:

1. [Plaintiff] was born on November 30, 2013.  Therefore, she was a school-age child on October 30, 2023, the date the application was filed, and is currently a school-age child (20 CFR 416.926a(g)(2)).

2. [Plaintiff] has not engaged in substantial gainful activity since October 30, 2023, the application date (20 CFR 416.924(b) and 416.971 *et seq.*).

3. [Plaintiff] has the following severe impairments: learning disorder; attention deficit hyperactivity disorder (ADHD); speech and language impairment; asthma; and obesity (20 CFR 416.924(c)).

4. [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.924, 416.925 and 416.926).

5. [Plaintiff] does not have an impairment or combination of impairments that functionally equals the listings (20 CFR 416.924(d) and 416.926a).

6. [Plaintiff] has not been disabled, as defined in the Social Security Act, since October 30 2023, the date the application was filed (20 CFR 416.924(a)).

R. 18, 20, 27.

### IV.  DISCUSSION

A.      <u>Standard of Judicial Review</u>

Judicial review of the Commissioner's final decision is as follows.  The Commissioner's findings of fact will not be disturbed, if they are supported by substantial evidence.  *Poulos v.*

*Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999).  Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted).  While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019), it may amount to less than an evidentiary preponderance.  *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988).  Overall, this test is deferential to the ALJ, and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a different conclusion.  *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987).  Indeed, the court is not permitted to weigh the record evidence itself.  *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005).  By contrast, the Commissioner's legal conclusions are subject to *de novo* review.  *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

B.      Review of the Administrative Law Judge's Decision

Applying the sequential evaluation process for children, the ALJ determined that Plaintiff did not meet, medically equal or functionally equal any listed impairment and, therefore, denied her application for SSI benefits.  R. 17-27.  Plaintiff maintains that the ALJ erred, because she failed to find that Plaintiff has marked impairment in the functional domain of attending and completing tasks.  Pl. Br. at 4-6.  In response, the Commissioner requests that the court affirm the ALJ's finding that Plaintiff is not disabled.  Resp. at 1-10.  This court finds that Plaintiff's claim lacks merit, because the ALJ provided substantial evidence to support her conclusion.

Plaintiff's sole claim concerns the ALJ's determination that she did not functionally equal

a listing.  To determine whether Plaintiff functionally equaled a listing, the ALJ had to consider six domains of functioning.  20 C.F.R. § 416.926a(b)(1).  If the ALJ found Plaintiff had extreme limitation in one domain or marked limitation in two, Plaintiff would functionally equal a listing and be disabled.  20 C.F.R. § 416.926a(a).  The ALJ found that Plaintiff had marked limitation in her ability to acquire and use information but less than marked or no limitation in the other five domains of functioning.  R. 20.  Plaintiff maintains that the ALJ erred in finding that she had less than marked limitation in attending and completing tasks.  Pl. Br. at 5-6.  Had that ALJ found marked limitation in this domain, Plaintiff would be disabled.  20 C.F.R. § 416.926a(a).

A marked limitation exists when the claimant's "impairments interfere[] seriously with [their] ability to independently initiate, sustain or complete activities."  20 C.F.R. § 416.926a(e)(2).  Attending and completing tasks refers to a claimant's ability to:  "focus and maintain [their] attention, how well [they] begin, carry through and finish [their] activities, including the pace at which [they] perform activities and the ease with which [they] change them."  20 C.F.R. § 416.926a(h).  Hence, a marked limitation in this area of functioning would require serious interference with Plaintiff's ability to focus, maintain attention, complete an activity, including the pace at which she does so, and her ability to change activities.

The ALJ provided a lengthy discussion of the evidence to support her conclusion that Plaintiff has less than marked limitation in her ability to attend and complete tasks.  R. 23-24.  Initially, the ALJ cited treatment notes from December 2023 to April 2025, which suggested that switching from one medication to another had helped treat Plaintiff's ADHD without complications.  R. 23.  Next, the ALJ summarized school attendance records from 2024 and 2025, which documented Plaintiff's poor attendance and failure to complete a substantial number of assignments.  *Id.* at 23-24.  The ALJ, then, mentioned Mother's testimony that Plaintiff did

not like taking the new medication for ADHD, remained distracted when speaking to others, was embarrassed to sign on to live class sessions, missed some assignments because she believed her teachers would complete them with her, was embarrassed to ask questions in front of other students, but would do so in private, would not complete chores, such as feeding her cat, and liked to play videogames. *Id.* at 24. After summarizing this evidence, the ALJ concluded: (1) despite Mother's testimony, primary care records indicated that Plaintiff's ADHD was stable on her new medication; (2) Plaintiff has ongoing issues with attendance and completing school assignments, but the degree of this problem was unclear from the school records; (3) Plaintiff's lack of participation in school was due to embarrassment, not ADHD; (4) Plaintiff's inability to complete chores was due to forgetfulness or lack of understanding, rather than ADHD; and (5) Plaintiff sustains attention regarding activities she enjoys, such as playing video games. *Id.*

This is a difficult case. There is certainly evidence from which the ALJ could have concluded that Plaintiff had marked limitation in attending and completing tasks. Her poor school attendance, inability to complete school assignments, and inability to complete chores could justify that conclusion. On the other hand, evidence that she failed to complete tasks and failure to participate in school was because of embarrassment over her learning disability (which the ALJ addressed in the first domain of functioning), rather than her ADHD, supports that conclusion that her ability to attend and complete tasks was not seriously impaired by her ADHD. Regardless, this court may not reweigh the evidence, *Rutherford*, 399 F.3d at 552, and the ALJ only needs substantial evidence, which is more a mere scintilla, *Biestek*, 587 U.S. at 103, for her conclusion to be accepted. Despite the court's doubts concerning the ALJ's conclusion concerning the second domain of functioning, it is constrained by the relevant standard of review to accept the ALJ's conclusion, because she did identify more than a mere scintilla of evidence

to support her conclusion.

Implementing and Judgment Orders follow.